44 So.2d 785

**RUMP v. STATE.**

4 Div. 115.

Court of Appeals of Alabama.
Dec. 6, 1949.

Rehearing Denied Jan. 24, 1950.

John C. Walters, of Troy, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

HARWOOD, Judge.

Under an indictment charging murder in the second degree this appellant, after a jury trial, stands convicted of manslaughter in the first degree.

The appellant and two women, Lillie Belle Bell, and Willie Belle James had reached a point in front of or close to the house in which they were living. The deceased, J. D. Berry, met them in the street at this point. Berry began to shake Willie Belle, and Lillie Belle walked to where they were and protested, telling Berry he was drunk. Berry slapped Lillie Belle. The appellant then walked up and the deceased began to walk toward him, and according to appellant, had his hand in his bosom. When he was sufficiently close the appellant struck him in the left portion of

his chest, inflicting a knife wound from which deceased died within two weeks. Appellant immediately ran, and the deceased walked away down the street or road. There was other evidence, presented by the defendant, which tended to show that the deceased was under the influence of liquor at the time of this assault, with rebuttal evidence presented by the State tending to deny he was in such condition.

 We are clear to the conclusion that the evidence presented by the State was sufficient to support the verdict of the jury and the judgment rendered pursuant thereto. No error therefore resulted from the refusal of defendant's written requested charge No. 2, which was affirmative in nature, nor from denying defendant's motion for a new trial on the ground that the evidence was insufficient to support said verdict and judgment.

The relatively few rulings by the court on the admission or rejection of evidence are palpably free of error, and no discussion of these rulings is indicated.

Defendant's written requested charge 1, being affirmative in nature as to murder in the second degree became abstract under the verdict rendered.

Defendant's written requested charges 5 and 5A were properly refused as not hypothesized on the evidence, and were incorrect statements of the law involved.

Defendant's written requested charge 6 was properly refused because it omits the element of retreat by the assaulted party essential to the legal principle sought to be stated in said charge. While a charge similar to said charge 6 was approved by this court in Humphries v. State, 28 Ala. App. 159, 181 So. 309, certiorari denied 236 Ala. 104, 181 So. 312, the facts in the Humphries case, supra, fully set out in the opinion, show that the assaulted party was held in a vise like grip by the deceased, and his strenuous efforts to free himself were unavailing up until the time the deceased was shot. The element of retreat was therefore not involved under the facts. The facts of this case present an entirely different picture, and one, which in our opinion necessitates the inclusion of the element of retreat by the assaulted party in charge 6 if said charge is to correctly set forth the principles of law involved.

This record, in our opinion, being free of error probably injuriously affecting the substantial rights of this appellant this cause is due to be affirmed, and it is so ordered.

Affirmed.